UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/12/2023

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION 1974,
AFFILIATED WITH INTERNATIONAL UNION
OF ALLIED PAINTERS AND ALLIED TRADES,
AFL-CIO AND TRUSTEES OF THE DRYWALL
TAPERS AND POINTERS LOCAL UNION NO.
1974 BENEFIT FUNDS,

                          Petitioners,

          -against-                                                23 Civ. 01918 (CM)

DRYWALL & ACOUSTICS OF NORTHEAST,
INC.,

                          Respondent.

—————————————————————————x

## MEMORANDUM DECISION AND ORDER GRANTING PETITIONERS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT AND CONFIRMING ARBITRATION AWARD

McMahon, J.:

Petitioners Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT,

AFL-CIO and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds

filed a Petition to Confirm an Arbitration Award pursuant to Section 9 of the Federal Arbitration

Act ("FAA"), 9 U.S.C. § 9, and Section 301 of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. 185, and for attorneys' fees and court costs incurred in the bringing of this

action on March 6, 2023. Pursuant to Article XIV of the applicable collective bargaining

agreement ("CBA"), the Award was handed down by the Union's Joint Trade Board ("JTB") on

November 21, 2022, after a hearing that took place on November 3, 2022.

1

Petitioners served the Petition on Respondent Drywall & Acoustics of Northeast, Inc. on March 9, 2023, Dkt #9, but Respondent did not timely appear. Petitioners then filed a motion for summary judgment on April 25, 2023, in support of the Petition. Respondent was served with a copy of the motion and supporting papers on April 26, 2023, Dkt #16, but again defaulted. On May 31, 2023, Petitioners served Respondent with another summons and the Petition. Dkt #20. Respondent failed to properly appear or respond to the petition.

The Petition and motion for summary judgement are GRANTED.

## BACKGROUND

Petitioners are Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO (the "Union") and Trustees of the Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds (the "Funds").

The Union is a labor organization which represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142. Dkt #12 ¶ 1.

At all relevant times, the Trustees are fiduciaries of jointly administered multi-employer, labor management trust funds under Section 3(21)(A) and Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1032(21)(A), 1132(a)(3). Dkt #12 ¶ 2. The Funds are established and maintained by the various Employers pursuant to the terms of the Union's collective bargaining agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the LMRA, 29 U.S.C. 186(c)(5). Dkt #12 ¶ 2. Petitioner Trustees of the Funds are the "plan sponsor" within the meaning of Section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii). Dkt #12 ¶ 2.

The Respondent is Drywall & Acoustics of Northeast Inc. ("Drywall & Acoustics"), a corporation that Petitioners state upon information and belief had its last known principal place of

2

business in Buchanan, New York, and is an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA. 29 U.S.C.§ 185; Dkt #12 ¶ 3.

Petitioners allege that at all relevant times, Respondent was bound by its CBA with the Union, which provides that disputes will be submitted to the Union's JTB for a final, binding decision. Dkt #12 ¶ 4; Dkt #5, Ex. B art. XIV § 6.

This dispute arose when Drywall & Acoustics failed to submit benefit contributions, known as fringe benefits, for Union member Tyrone Wilder, in violation of the CBA. Dkt #12 ¶¶ 5, 8. Pursuant to Article XIV of the CBA, the Union filed for Arbitration with the Union's JTB and submitted a Notice of Intention to Arbitrate to the Respondent, dated September 12, 2022. *Id.* ¶ 6; Dkt #5, Ex. C. The JTB held a hearing on November 3, 2022, which the Respondent did not attend. Dkt #5, Ex. A. In a written decision dated November 21, 2022, after finding "the Employer guilty for failure to pay fringe benefits" in violation of Article XX and Article XIII Section 6 Violation 9, the JTB ordered Respondent to pay $7,154.56 to the Fund on behalf of Tyrone Wilder, and $4,000 in liquidated damages to the JTB. Dkt #12 ¶¶ 8, 9; Dkt #5, Ex. A. A copy of the decision and Award was delivered to Respondent with a letter dated November 23, 2022, Dkt #5, Ex. D, and a demand letter was subsequently sent, dated December 12, 2022, Dkt #5, Ex. E. To date, Respondent has not complied with the Award, nor has it commenced any action seeking to vacate or modify the Award. Dkt #12 ¶ 12.

## DISCUSSION

### I.  Applicable Legal Standard for Confirming an Unopposed Arbitration Award

The FAA "requires district courts to accord significant deference to arbitrators' decisions[.]" *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). Accordingly, "[t]he showing required to avoid summary judgment

of an arbitration award is high[.]" *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). The district court's role in reviewing the arbitration award is "severely limited." *Id.* (quoting *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960)). "[A]s a general matter, a court is required to enforce the arbitration award as long as there is a 'barely colorable justification for the outcome reached.'" *Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)).

The FAA sets forth the limited grounds for vacating arbitration awards, which are "corruption, fraud, or undue means in procurement of the award, evident partiality or corruption in the arbitrators, specified misconduct on the arbitrators' part, or where the arbitrators exceeded their powers." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (internal quotation removed); *see* 9 U.S.C. § 10(a). The Second Circuit has also recognized an additional judicially-created ground when "an arbitrator has exhibited a manifest disregard of law." *Jock*, 646 F.3d at 121 (quoting *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002)).

The standard is particularly deferential when reviewing a labor arbitration award. *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund, & Training Program Fund v. Ideal Interiors, Inc.*, No. 23 CIV. 5110, 2023 WL 7005229, at 3 (S.D.N.Y. Oct. 24, 2023). "[A] federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council*, 820 F.3d at 532. In such circumstances, the court's "obligation is limited to determining whether the arbitration proceedings and award met the minimum legal standards established by the [LMRA]." *Id.* Meaning, the court "must simply ensure that the arbitrator was 'even arguably

4

construing or applying the contract and acting within the scope of its authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

Finally, the fact that the Respondents are in default does not relieve courts of its responsibility to consider the underlying record in this case. "[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). When a court has before it a record, including the agreement to arbitrate and the arbitration award decision, "the judgment the court enters should be based on the record." *Id.* In these circumstances, the petition to confirm the arbitration award is "treated as akin to a motion for summary judgment based on the movant's submissions." *Id.* The court must determine whether the evidence submitted in support of the motion meets the movant's burden of demonstrating that no material issue of fact remains for trial. *Id. at 109–10.*

## II.    The Petition to Confirm the Award and the Motion for Summary Judgement are GRANTED.

Applying this standard, I have reviewed in detail the record submitted by Petitioners, which includes the CBA, the Award, supporting memoranda and declarations in support for both the Petition and motion for summary judgment, and a Rule 56.1 Statement. Because the Respondent is in default, the record is uncontested, and therefore, all facts asserted in the Rule 56.1 Statement are deemed admitted. Upon review, there is no genuine issue of material fact. Further, the Award is supported by more than a "barely colorable justification," and it is more than arguable that the JTB applied the applicable contract and acted within the scope of its authority.

The JTB found that Respondent failed to submit the required fringe benefits on behalf of Union member Tyrone Wilder for the period of weeks ending in 7/13/21, 7/20/21, 7/27/21, 8/3/21, 8/10/21, 8/21/21, 8/31/21, and 9/21/21, in violation of the CBA. Dkt #5, Ex. A. The JTB's findings

were supported by the Union Business Representatives' report that Mr. Wilder's paystubs to the Union reflected the Employer's failure to submit those benefits. *Id.* After deliberation, the JTB found that Respondent's failure violated Article XX of the CBA, which lays out the details of fringe benefit fund contributions, *id.* at Ex. B art. XX, and Article XIII Section 6 Violation 9 of the CBA, which states that for "Failure to pay . . . fringe benefits[,]" an Employer will be required to repay "fringe benefits owed plus liquidated damages . . . .," *id.* at Ex. B art. XII, § 6, Violation 9. Upon this finding, the JTB directed Respondent to pay the $7,154.56 it owed in fringe benefits, and a $4,000 fine in liquidated damages to the JTB. *Id.* at Ex. A. The CBA states that "The decision and findings of the Joint Board, including any imposition of penalties, shall be final and binding upon the signatory contractors and the Union . . . ." The JTB's findings that the CBA was violated were based on and supported by the record, and the remedy is clearly within the scope of its authority.

      Accordingly, the Petition and motion for summary judgment are GRANTED.

## III. Attorneys' Fees and Costs

### a. Legal Standard

      "Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819 (2d Cir. 2022), *cert. denied*, 143 S. Ct. 786, 215 L. Ed. 2d 52 (2023) (quoting *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). "[N]either Section 301 of the LMRA nor [Section 9 of the FAA] provides for attorney's fees in actions to confirm an arbitration award." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. M & RR Constr. Corp.*, No.

22CIV6467VSBSLC, 2022 WL 20652775, at *4 (S.D.N.Y. Nov. 17, 2022), *report and recommendation adopted,* No. 22CV6467VSBSLC, 2023 WL 5957120 (S.D.N.Y. Sept. 13, 2023). However, an alternate independent authority for attorneys' fees may be found either within a contract, *N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp.*, No. 17 CIV. 3733, 2017 WL 4736742, 2 (S.D.N.Y. Oct. 19, 2017), or a court's "inherent equitable power[]" to "award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons." *Commodities & Mins. Enter. Ltd.*, 49 F.4th at 819 (quoting *F. D. Rich Co. v. U. S. for Use of Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)) (internal quotation marks omitted). When the court's "inherent equitable power" is "applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been [that] 'when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'" *Id.* at 819–20 (quoting *Int'l Chem. Workers Union*, 774 F.2d at 47).

### b. **Request for attorneys' fees and costs is GRANTED.**

Petitioners requests attorneys' fees of $3,420.00 and court costs of $477.00 for a total of $3,897.00 with post judgment interests. Dkt #15. Petitioners assert that they are entitled to fees and costs because they were forced to bring this action due to Respondent's refusal to comply with the arbitration award without justification. Dkt #2.

In support of this request, Petitioners have submitted an Affirmation from Petitioners' Counsel and an invoice for $77.00 paid to the New York Secretary of State in connection with service upon the Respondent. Dkt #15. The Affirmation states that the customary rate for the associate attorney whose fees are sought is $300.00 per hour, and that the associate worked 11.4 hours, for a total of $3,420.00. *Id.* The Affirmation also provides a summary of the total hours spent on tasks related to the bringing of this action. *Id.*

The Court concludes that the requested rate per hour and hours worked are reasonable. Additionally, the court finds that the requested court costs, a $400.00 filing fee and a $77.00 fee, paid in connection with service of Respondent, are reasonable. Finally, in regards to post-judgement interest, Petitioners are "entitled to an award of interest as an arbitration award confirmed under the FAA bears interest from the date of the award until judgment confirming it." *Shanghai Fosun Pharm. (Grp.) Co., LTD. v. Dr. John Hajjar*, No. 22-CV-08269, 2023 WL 8355766, at \*4 (S.D.N.Y. Dec. 1, 2023) (quoting *Kupferberg v. Alt. Wealth Strategies, Inc.*, No. 12 CIV. 5271, 2013 WL 989582 (S.D.N.Y. Mar. 14, 2013)) (internal quotation marks omitted).

Petitioners' request for attorneys' fees and court costs with post-judgement interest at the federal rate under 28 U.S.C. § 1961 is GRANTED.

## CONCLUSION

For the reasons discussed above, the Petition and motion for summary judgment are GRANTED. Petitioners are entitled to attorneys' fees and costs with post judgement interest. Petitioners' counsel should submit a form of judgment for the court to enter.

Dated: December 11, 2023

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

8